## FRENCH *v.* EDWARDS.

1. Where the owner of land in fee makes a conveyance to a person in trust to convey to others upon certain conditions, and the conditions never arise, so that the trust cannot possibly be executed, a presumption arises in cases where an actual conveyance would not involve a breach of duty in the trustee or a wrong to some third person, that the trustee reconveyed to the owner; this being in ordinary cases his duty.

2. It is not necessary that the presumption should rest upon a basis of proof or a conviction that the conveyance had been in fact executed.

3. When a court in a case where a jury is waived under the act of March 5th, 1865 (see Revised Statutes of the United States, § 649), and the case is submitted to it without the intervention of a jury, finds *as a fact* that a conveyance was made to certain persons as trustees, and then finds *as a conclusion of law*, that the legal title remained in those trustees, that finding does not bind this court as a finding of fact; and if it was the duty of the trustee to have reconveyed to the grantor as stated in the first paragraph of this syllabus, this court will reverse the judgment, founded on that conclusion.

ERROR to the Circuit Court for the District of California.

French brought ejectment, on the 30th of November, 1872, in the court below, against Edwards and twelve others, for a piece of land in California. The case was submitted to the court without the intervention of a jury. The court found these facts:

(1) That R. H. Vance, on the 1st of March, 1862, was seized in fee of the premises in controversy.

(2) That on that day he conveyed the premises to the plaintiff, who thereupon became seized and the owner in fee, and remained such owner until the 9th of January, 1863.

(3) That on that day he and the defendants executed a joint conveyance of the premises to Edward Martin and F. E. Lynch, their heirs and assigns forever, upon certain

trusts, which, so far as it is necessary to state them, were as follows:

To hold and convey the premises in lots of such size and for such prices as should be directed by a committee of four persons, or a majority of them, the committee to be appointed by the parties to the deed and a railroad company then forming, and thereafter to be incorporated, to construct a railroad leading from Sutteville, and connecting with the Sacramento Valley Railroad.

This deed provided,

"That no conveyance shall be made by the said party of the second part until the said railroad shall have been commenced in good faith as aforesaid; and this conveyance shall be void if such railroad shall not be built within one year from the date of these presents; provided, however, that if the iron for such railroad shall be lost or detained on its transit from the Atlantic States, from any accident, then the time for completing said railroad shall be extended to two years, instead of one year."

(4) That the railroad company was never incorporated and the railroad was never commenced.

(5) That the defendants were in exclusive possession of the premises at the commencement of the action, holding adversely to the plaintiff and all other persons.

The court held that the legal title was vested in Martin and Lynch by the deed of the 9th of January, 1863, was still vested in them, and that the plaintiff could not, therefore, recover.

It accordingly gave judgment for the defendants, and the plaintiff brought the case here,* where it was elaborately argued upon the doctrine of subsequent conditions.

*Mr. S. O. Houghton* (*a brief of Mr. John Reynolds being filed*), *for the plaintiff in error; Mr. J. H. McKune* (*a brief of Mr. Delos Lake being filed*), *contra.*

---

* This case was formerly before this court in another shape.  13 Wallace, 506.

Mr. Justice SWAYNE delivered the opinion of the court.

We have not found it necessary to consider the doctrine of subsequent conditions broken, upon which the case has been elaborately argued. Another ground of decision is disclosed which we think free from difficulty, and upon which we are satisfied to place our judgment.

It appears that the trust deed to Martin and Lynch was executed on the 9th of January, 1863. By its terms it was to become void if the railroad was not completed within one year from its date. This suit was begun on the 30th of November, 1872, more than eight years after the time limited when the deed, upon the contingency mentioned, was to lose its efficacy. The court found that the road had not been begun, and that the company had not been incorporated. There is nothing in the record indicating that either event will ever occur. It was found that the plaintiff had a perfect title when the trust deed was executed. The grantees, therefore, took their entire title from him. It is a corollary that the other grantors had nothing to convey. Their joining in the deed, so far as the title was concerned, was matter of form and not of substance. Without incorporation, the railroad company could not share in the appointment of the committee under whose direction the lots were to be sold and the proceeds were to be distributed. Hence there could be no sale, and the trustees were powerless to do anything but remain passive and hold the title. The object of the conveyance had wholly failed, and the trust was impossible to be performed. The trust thus became barren. One more dry and naked could not exist. It was the plain duty of the trustees to reconvey to their grantor. He was the sole *cestui que trust*, and had the exclusive beneficial right to the property. A court of equity, if applied to, could not have hesitated to compel a reconveyance. Under these circumstances such reconveyance will be presumed in equity and at law as well. In *Lade* v. *Holford et al.*,[*] Lord Mansfield said that when trustees ought to convey to the beneficial owner he

---

[*] Buller's Nisi Prius, 110.

would leave it to the jury to presume, where such presumption might reasonably be made, that they had conveyed accordingly, "in order to prevent a just title from being defeated by a matter of form." This case was approved, and the doctrine applied by Lord Kenyon in *England* v. *Slade*.[*] Three things must concur to warrant the presumption— (1) It must have been the duty of the trustee to convey. (2) There must be sufficient reason for the presumption. (3) The object of the presumption must be the support of a just title.[†] The case must be clearly such that a court of equity, if called upon, would decree a reconveyance. The present case is within these categories. The trustees being bound to reconvey, it is to be presumed they discharged that duty, rather than that they violated it by continuing to hold on to the title. The trust was executory. When its execution became impossible, common honesty, their duty, and the law required that they should at once give back to the donor the legal title which he had given to them. It is not necessary that the presumption should rest upon a basis of proof or conviction that the conveyance had in fact been executed. It is made because right and justice require it. It never arises where the actual conveyance would involve a breach of duty by the trustee or wrong to others. Like the doctrine of relation it is applied only to promote the ends of justice, never to defeat them.[‡] The rule is firmly established in the English law.[§] It is equally well settled in American jurisprudence.[||] Properly guarded in its application, the principle is a salutary one. It prevents circuity of action, with its delays and expense, quiets possessions, and gives repose and security to titles. Sir William Grant said: "Otherwise

---

[*] 4 Term, 682.          [†] Hill on Trustees, by Bispham, 394.

[‡] Hillary *v.* Waller, 12 Vesey, 252; Best on Presumptions, 112.

[§] Langley *v* Sneyd, 1 Simon & Stuart, 55; Hillary *v.* Waller, *supra;* Goodson *v.* Ellisson, 3 Russell, 588; Doe *v.* Sybourn, 7 Term, 3; Angier *v.* Stanard, 3 Mylne & Keen, 571; Carteret *v.* Paschal, 3 Peere Williams, 198.

[||] Doe *v* Campbell, 10 Johnson, 475; Jackson *v.* Moore, 13 Id. 513; Moore *v.* Jackson, 4 Wendell, 62; Aiken *v.* Smith, 1 Sneed, 304; Washburn on Real Property 415 and note.

titles must forever remain imperfect, and in many respects unavailable, when, from length of time, it has become impossible to discover in whom the legal estate, if outstanding, is actually vested. . . . What ought to have been done, should be presumed to have been done. When the purpose is answered for which the legal estate is conveyed, it ought to be reconveyed."*  If it had been one of the facts found by the court below, that the title was still in the trustees, the case would have presented a different aspect.†  It is stated only as a conclusion of law, arising upon the facts found. Such findings of facts are regarded in this court in the light of special verdicts.  "If a special verdict on a mixed question of fact and law, find facts from which the court can draw clear conclusions, it is no objection to the verdict that the jury themselves have not drawn such conclusions, and stated them as facts in the case."‡  The presumption of the reconveyance arises here, with the same effect upon the specific findings, as if it had been expressly set forth as one of the facts found.

The conclusion of law that the title was still in the trustees, was, therefore, a manifest error.  On the contrary, it should have been presumed that Martin and Edwards had reconveyed, and that the title had thus become reinvested in the plaintiff, and the court should have adjudged accordingly.

JUDGMENT REVERSED, and the case remanded, with directions to proceed

IN CONFORMITY TO THIS OPINION.

---

* Hillary v. Waller, 12 Vesey, *supra*.

† Goodtitle v. Jones et al., 7 Term, 43; Roe v. Read, 8 Id. 122; Matthews v. Wood's Lessee, 10 Gill & Johnson, 456.

‡ Monkhouse et al. v. Hay et al., 8 Price, 256.