## LINCOLN *v.* FRENCH.

1. The presumption that a trustee performed his duty by reconveying to his grantors the title to land, when the conditions became impossible upon which he was to execute the trust declared in their deed to him, is a disputable one, and may, therefore, be overcome by opposing evidence.

2. The outstanding title in the trustee bars ejectment by the grantors.

ERROR to the Circuit Court of the United States for the District of California.

This was an action for the possession of a tract of land containing three hundred and twenty acres, situated in the town of Sutter, county of Sacramento, and State of California. The complaint is in the usual form for the recovery of land under the system of procedure which obtains in California. As originally filed in November, 1866, it embraced thirty-one defendants; but by amendments to the pleadings and other causes the number has since been reduced to seven. Various defences were set up by them, which it is not necessary to state to understand the questions to be considered. It is enough to say that they were sufficient to put in issue the title of the plaintiff and his right of possession.

The case was first tried in 1867, before a jury, by whom a general verdict was rendered for the defendants; upon which judgment was entered in their favor. The question on the trial, upon which the case turned, related to the validity of a deed of the sheriff of the county, executed to one of the defendants upon a sale of the property for taxes. The Circuit Court held the deed valid, and instructed the jury to find for the defendants. The case being brought here, the judgment was reversed and the cause remanded for a new trial, this court holding that the sale was invalid, as the sheriff had not conformed to the provisions of the statute, in that he offered the whole property to the highest bidder instead of selling the smallest quantity which any purchaser would take and pay the judgment rendered for the taxes and costs. *French v. Edwards*, 13 Wall. 506.

The case was again tried in 1872, this time by the court, without the intervention of a jury, upon the stipulation of the

parties. The court found as facts, that, on the 1st of March, 1862, Robert H. Vance was the owner in fee of the lands in controversy, and on that day conveyed the same to the plaintiff, Ira G. French; and that, on the 9th of January, 1863, French and Vance, with several others, joined in a deed conveying the lands to Edward Martin and Francis E. Lynch, upon trust to sell the same in lots of such size and for such prices as should be directed by a committee of four persons, or a majority thereof, to be selected in a manner indicated; and, immediately upon the receipt of the proceeds of the sales, to distribute them in specified proportions, to the several grantors, and to a certain company, thereafter to be organized, to construct and maintain a railroad connecting the town of Sutter with the Sacramento Valley railroad, the portion of this company to be paid when the connecting road was completed. The deed provided that no conveyance should be made by the trustees until the road was commenced in good faith, and if it was not built within one year from its date that the deed of trust itself should be void, unless the iron for the road should be lost or detained on its transit; in which case the road was to be built within two years.

The court also found as facts that the contemplated company was never incorporated, nor the road commenced; and that the defendants, who appeared in the action, were, at its commencement, in the exclusive adverse possession of the premises; and as conclusions of law, (1) that the plaintiff, French, acquired title in fee to the premises in controversy by the deed from Vance on the 1st of March, 1862; and (2) that his title was conveyed by the deed to Martin & Lynch on the 9th of January, 1863; and did not revest on failure of the conditions mentioned in the deed, without a re-entry for condition broken, or other act manifesting an intention to avoid the deed on that ground, but remained in the trustees at the commencement of the action; and that, therefore, the defendants were entitled to judgment in their favor. The case was again brought to this court (21 Wall. 147), and the judgment was again reversed, on the ground that a reconveyance from the trustees to French should have been presumed by the court below, from the lapse of time after the deed of trust was made, and from the fact

that the conditions upon which the trust was to be executed had never arisen, and had become impossible.

The case was tried a third time, in October, 1878, before the court without a jury. Among other things, the court found the same facts which it found on the second trial, as to the execution of the trust deed to Martin & Lynch; the non-incorporation of the contemplated railroad company mentioned in it; the non-construction of the road; and the further fact, that the trustees never executed any instrument reconveying or purporting to reconvey to the plaintiff any part of the premises covered by the trust deed, either before or after this action was commenced. But construing the decision of this court as indicating that the presumption of reconveyance, arising from the facts stated, was indisputable and conclusive, it held that the presumption could not be overthrown by evidence that no such reconveyance was actually executed. It accordingly found that the title was in the plaintiff from the presumed reconveyance by the trustees, and judgment was rendered in his favor. To review this judgment the case was again brought to this court.

*Mr. Jonas H. McGowan* and *Mr. John H. McKune* for the plaintiffs in error.

*Mr. Sherman O. Houghton* and *Mr. John Reynolds* for the defendant in error.

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

In giving its decision when the case was last here, this court was led into an error in the statement of a fact. It says in its opinion that the action was begun in November, 1872, more than eight years after the time limited when the trust deed to Martin & Lynch was to lose its efficacy, when, in reality, it was commenced in November, 1866, less than three years after the time mentioned within which the road was to be completed. Although the duty to reconvey arose when by the terms of the trust deed the time had passed within which the work was to be done, and the conditions upon which the trust was to be executed had become impossible, a reconveyance was to be presumed only in the absence of proof to the

contrary. Like other presumptions, it was sufficient to control the decision of the court if no rebutting testimony was produced. But all presumptions as to matters of fact, capable of ocular or tangible proof, such as the execution of a deed, are in their nature disputable. No conclusive character attaches to them. They may always be rebutted and overthrown.

While in its opinion the court, speaking through Mr. Justice Swayne, expressed itself as being clear that the case, as then presented, was one in which a presumption of reconveyance was to be indulged, and quoted, with approbation, the language of Sir William Grant in such cases, that " what ought to have been done should be presumed to have been done," and that " when the purpose is answered for which the legal estate is conveyed it ought to be reconveyed," it added: " If it had been one of the facts found by the court below that the title was still in the trustees, the case would have presented a different aspect. It is stated only as a conclusion of law arising upon the facts found." It is plain, therefore, that this court only considered that the conclusion of law of the lower court, that the title was still in the trustees, was not warranted by the facts found, and that the case would have been differently decided had what was thus stated as a conclusion of law been one of those facts. It was not the intention of this court to hold that the presumption was a conclusive one, not open upon a retrial to rebuttal, because it was considered to properly arise upon the facts then presented by the record. When the case went back upon our decision for further proceedings, — which, this being an action at law, were necessarily those of a new trial, — the fact as to a reconveyance was open to proof, and was not to be taken as conclusively established from the force of the presumption that it had been made. Presumptions are indulged to supply the place of facts; they are never allowed against ascertained and established facts. When these appear, presumptions disappear.

The fact having been established, against the presumption mentioned, that the trustees never reconveyed the premises or any part thereof to the plaintiff, the title remains in them, and with it the right of possession. Judgment should, there-

fore, have been ordered for the defendants. It follows that the judgment of the Circuit Court must be reversed, and the cause be remanded with directions to enter judgment in their favor; and it is

*So ordered.*