J. M. Ellis, Appellant, v. Joseph Leonard.

**Presumptions: self preservation:** *When considered.* Where defendant testifies as to being run over by plaintiff's cattle, it is error to instruct that the jury, in determining whether defendant was negligent in not getting out of the way, might consider the instinct which usually exists in the human breast for self preservation. This presumption of instinctive self-care is considered only in cases where no direct testimony concerning the details of an injury is obtainable.

**Assignment of Error.** An assignment of error to the giving of an instruction, referred to by number, is sufficient.

**Exceptions: motion for new trial.** Where instructions are excepted to when given, it is immaterial that such exceptions in the motion for new trial are general, since Code 1873, section 3169, provides that the supreme court may reverse a judgment, although no motion for new trial was made in the court below.

*Appeal from Appanoose District Court.*—Hon. M. A. Roberts, Judge.

Wednesday, February 1, 1899.

Plaintiff brings this action to recover five hundred dollars damages for an alleged breach of a written contract between the defendant and one Bradley, which contract Bradley assigned to the plaintiff. By said contract, Bradley purchased sixty head of steers from the defendant, which defend-

ant agreed to keep on full feed of corn from October 15, 1894, until delivered. The breach alleged is that defendant failed to keep said cattle on full feed of corn, as agreed, to plaintiff's damage. The defendant answered, joining issue on said allegations of breach and damages, and pleading an estoppel, a settlement, and an accord and satisfaction. Defendant, by way of counterclaim, alleged that, on the day plaintiff took the cattle from defendant's farm, defendant, at the request of plaintiff, undertook to help to drive the cattle to the place of weighing, and was in the lead, in an exposed and dangerous place; that plaintiff, knowing that said cattle were wild and unmanageable, did negligently, willfully, and maliciously drive said cattle on and over the body of defendant, by scaring the cattle by yells, cracking his whip, and riding his horse against the cattle; that, by reason thereof, defendant, though in the exercise of due care, sustained great and permanent bodily injury, without fault or negligence on his part, to his damage one thousand dollars. Plaintiff replied, joining issues upon the allegations of the answer and counterclaim, and at the February term, 1896, the case was tried to a jury, and verdict and judgment rendered in favor of the defendant for one dollar. Plaintiff appeals.—*Reversed.*

*Mabry & Payne* and *Porter & Porter* for appellant.

*C. F. Howell* and *J. A. Elliott* for appellee.

GIVEN, J.—Appellant makes but one assignment of error, namely, "There was error in the giving of instruction No. 14½ to the jury," which instruction is as follows: "In determining whether or not the defendant was negligent in not getting out of the way of the cattle at the time of the alleged injury, you may take into consideration the instinct which usually exists in the human breast for self-preservation; that is, the natural inclination of a human being in a moment of danger to do all in his power,

under the circumstances, to protect himself from bodily injury. You may take into consideration the surroundings of the defendant, the excitement of the moment, the promptness with which he was required to act, and all the facts and circumstances as they presented themselves to him; his age and activity. If, in view of all the facts and circumstances, you find that the defendant exercised such care as an ordinarily careful and prudent man would have exercised under the same or similar circumstances, then you would not be justified in finding him guilty of contributory negligence in said matter. If he did not, he cannot recover on his counterclaim." Appellant's contention is that, as the defendant was present and testified in the case, the presumption that arises from the instinct of self-preservation has no application to the case; and in this he is clearly correct. See *Dunlavy v. Railroad Co.* 66 Iowa, 435; *Reynolds v. City of Keokuk,* 72 Iowa, 371; *Salyers v. Monroe,* 104 Iowa, 74; and *Whitsett v. Railroad Co.* 67 Iowa, 157.

Appellee insists that appellant is not entitled to a consideration of this assignment, because not made with sufficient definiteness, and for the reason that the alleged error was not brought to the attention of the trial court. Prejudice will be presumed from the giving of an erroneous instruction. But, if this were not true, there is an affirmative showing of prejudice. The assignment of error is sufficient. *Sherwood v. Snow,* 46 Iowa, 481; *Clark v. Ralls,* 50 Iowa, 275; *Wood v. Whitton,* 66 Iowa, 295; *Hammer v. Railroad Co.* 70 Iowa, 623.

The bill of exceptions, which is not denied, recites "that to the giving of each and every of said instructions the plaintiff at the time duly excepted." This was sufficient. Code 1873, section 2787; *Hawes v. Railroad Co.* 64 Iowa, 315; *Eikenberry v. Edwards,* 67 Iowa, 14; *Mann v. Railroad Co.* 46 Iowa, 637.

As the instructions were excepted to at the time they were given, there was no need for exceptions to be stated in

the motion for a new trial. Code 1873, sections 2787, 2789. Indeed, we have held that exceptions to instructions preserved during the course of the trial may be considered on appeal, although the motion for a new trial in which they are incorporated is stricken from the files, because filed too late. *Beems v. Railroad Co.* 58 Iowa, 150. This case rules the one at bar, and the fact that the exception to the instruction in the motion for a new trial is too general will not avail to defeat the appellant. Moreover, the Code of 1873 (section 3169) expressly provides that "the supreme court, on appeal, may review and reverse any judgment or order of the superior or district court although no motion for a new trial was made in such court." Of course, this presupposes an exception properly taken to the ruling; but that, as we have seen, was done in this case. See the *Beems Case, supra; Kaufman v. Manufacturing Co.* 78 Iowa, 679; *Brown v. Rose,* 55 Iowa, 734; *Drefahl v. Tuttle,* 42 Iowa, 177; *Presnall v. Herbert,* 34 Iowa, 539; *Root v. Railroad Co.* 29 Iowa, 102; *Eason v. Gester,* 31 Iowa, 475; *Hunt v. Railroad Co.* 86 Iowa, 15.—Reversed.