# CITY OF INDIANAPOLIS v. KEELEY.

[No. 20,752.    Filed December 19, 1906.]

1. PLEADING.—*Complaint.*—*Municipal Corporations.*—*Streets.*—*How Alleged.*—A complaint showing that within the limits of defendant city there existed certain streets, among which was Martindale avenue, sufficiently shows that such avenue was a street within such city.    p. 521.

2. SAME.—*Complaint.*—*Facts.*—*Duty Arising.*—*Municipal Corporations.*—*Streets.*—*Negligence.*—A complaint showing that plaintiff's injury was received because of a defect existing in a street in defendant city, is sufficient without any allegations showing defendant's duty with reference to such defect, such duty being a legal inference necessarily deducible from the facts, without any allegation thereof.    p. 521.

3. SAME. — *Complaint.*—*Municipal Corporations.*—*Streets.*—*Defects.* — *Notice.* — *Contributory Negligence.* — A complaint against a city for negligence in maintaining a defective street, showing that plaintiff had no notice of the defect, that the accident happened in the dark and that plaintiff was without fault or negligence on his part, does not show contributory negligence.    p. 521.

4. SAME. — *Complaint.* — *Negligence.*—*Contributory.*—*Allegation of Freedom from.*—An allegation in a complaint for damages for negligence, that plaintiff was without fault, is sufficient to negative negligence on plaintiff's part unless the other facts pleaded affirmatively show contributory negligence.    p. 521.

5. SAME.—*Complaint.*—*Paragraphs of.*—*When not Considered.* —*Interrogatories to Jury.*—Where the answers to the interrogatories to the jury affirmatively show that the case was decided on the first paragraph of the complaint, the other paragraphs will not be considered on appeal.    p. 522.

6. MUNICIPAL CORPORATIONS. — *Defective Streets.* — *Notice.* — *Choice of Ways.*—Where plaintiff received injuries by reason of a defective street, of which he had no notice, the fact that safe ways might have been taken by plaintiff is immaterial.    p. 523.

7. TRIAL.—*Interrogatories to Jury.*—*Evidence to Overthrow.*— *Failure of Appellant to Point Out.*—*Appeal and Error.*—Where appellant complains that an answer to an interrogatory to the jury was incorrect, but fails to point out the evidence overthrowing same in his brief, the Supreme Court need not consider same.    p. 523.

8. TRIAL.—*Interrogatories to Jury.—Failure to Require Answer. —Harmless Error.*—The failure of the court to require the jury to answer more definitely an interrogatory does not constitute reversible error, where the answer would not, in any event, be of a controlling nature. p. 523.

9. SAME.—*Burden of Proof.—Contributory Negligence.—Want of Ordinary Care.—Municipal Corporations.*—The burden· of proving contributory negligence and that plaintiff did not use care in proportion to the known danger in using a defective street, is upon the defendant city. p. 523.

10. SAME.—*Instructions.—Contributory Negligence.—Evidence. —Consideration of.*—The refusal to give an instruction, in an action for damages for negligence, that the burden of proving contributory negligence is on the defendant, but that the jury may consider the plaintiff's evidence in determining such issue, is reversible error, where no other instruction covers such ground. p. 524.

11. EVIDENCE.—*Res Ipsa Loquitur.—Municipal Corporations.— Defective Streets.*—The doctrine of *res ipsa loquitur* does not apply to injuries caused by defective streets. p. 525.

12. SAME.—*Presumptions.—Exercise of Due Care.*—There is no presumption in this State that the plaintiff, in a personal injury case, used due care. p. 525.

13. TRIAL. — *Negligence. — Contributory.—Issues.*—Where contributory negligence is relied upon, in a personal injury case, the parties virtually charge each other with negligence in respect to the transaction in question, and the burden is upon each to prove the negligence of the other. p. 525.

14. SAME. — *Negligence. — Contributory.—Evidence.—Presumptions.*—Negligence and contributory negligence are questions to be determined by the jury from the proved facts in a case, unaided by presumptions of law. p. 526.

15. SAME.—*Negligence.—Burden of Proof.*—Prior to the act of 1899 (Acts 1899, p. 58, §359a Burns 1901) the burden was upon plaintiff, in a personal injury .case, to prove defendant's negligence and his own exercise of due care. p. 526.

16. SAME.—*Negligence.—Want of Due Care.—Presumptions.*— Under the rule prior to the act of 1899 (Acts 1899, p. 58, §359a Burns 1901) a failure, by the plaintiff in a personal injury case, to prove the exercise of due care, was fatal, since there was no presumption that he had exercised such care. p. 526.

17. EVIDENCE.—*Negligence.—Burden of Proof.—Effect of Statutory Change of Rule.*—The effect of the act of 1899 (Acts ·1899, p. 58, §359a Burns 1901) was to relieve the plaintiff, in a personal injury case, from proving the exercise of due care. p. 526.

18. SAME.—*Burden of Proof.—Contributory Negligence.*—The defendant, in a personal injury case, to defeat plaintiff, must establish by a fair preponderance of the evidence the contributory negligence of plaintiff. p. 526.

19. SAME. — *Presumptions. — Nature of.* — Presumptions of law are inferences warranted by the experiences of the courts in administering justice, some of them being conclusive of a given proposition and some being only *prima facie* evidence thereof. p. 527.

20. SAME. — *Presumptions. — Inferences.*—Presumptions of fact are inferences of fact drawn by the experienced mind from the existence of other facts proved in a case, and such inferences or presumptions are questions for the jury. p. 527.

21. APPEAL AND ERROR.—*Reversal.—Errors.*—Where a judgment is reversed, the Supreme Court will not decide alleged errors not likely to arise again. p. 528.

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Action by Frank Keeley against the City of Indianapolis. From a judgment for plaintiff, defendant appeals. Appealed from the Appellate Court under subd. 3, §1337j Burns 1901, Acts 1901, p. 565, §10. *Reversed.*

*Henry Warrum, Edward B. Raub, Linn D. Hay, Gideon W. Blain, Frederick E. Matson* and *Crate D. Bowen,*̇ for appellant.

*Wymond J. Beckett* and *Elliott, Elliott & Littleton,* for appellee.

MONTGOMERY, C. J.—Appellee brought this action for damages for personal injuries received on account of an alleged defect in one of the streets of appellant city. He recovered judgment in the trial court for $15,000, which was affirmed by the Appellate Court, and an appeal therefrom taken to this court.

The errors properly assigned challenge the decision of the trial court in overruling demurrers to each paragraph

of complaint, appellant's motion to make the second paragraph of complaint more specific, and its motion for a new trial.

The first paragraph of appellee's complaint is substantially as follows: That on October 23, 1897, for many years prior thereto, and ever since, the appellant was, has been, and is, a municipal corporation organized under the laws of this State; that at all times mentioned there was within its corporate limits a street, with sidewalks, known as Martindale avenue, situated in the northeastern portion of the city, and extending north and south, and intersecting at right angles streets running east and west known as Nineteenth, Twentieth and Twenty-first streets; "that beginning at a point just south of the south line of said Twenty-first street, and extending thence south, just along the east line of said Martindale avenue, there existed at the time before mentioned and for several years prior to that time a ditch, commonly known as the 'state ditch,' and for a distance of nearly a square from that point above stated said ditch extended along close to the east line of said Martindale avenue, so close as to infringe upon the line of the sidewalk of said avenue; that said ditch had steep banks, and it was on an average about twelve feet deep; that at a point south of said Twenty-first street the banks and bottom of said ditch, for a long distance, were filled with rocks of all shapes and sizes, and this condition was maintained at all times mentioned; that by reason of the fact that said ditch extended close to the east line of said Martindale avenue, as described, it was a menace to travelers along the east sidewalk of said Martindale avenue, and made the sidewalk along said avenue more than ordinarily dangerous to persons traveling along the east sidewalk of the avenue; that this condition of said avenue and said ditch had existed for at least two years prior to the time of the happening of the injuries to the appellee; that appellant knew, or by the exercise of reasonable diligence could have known, of the

dangerous condition of the sidewalk on said avenue at the place in question, and above fully described, long before the appellee was injured; that, notwithstanding the knowledge on the part of the appellant of the dangerous condition of said sidewalk as described, it negligently failed to place any barriers along the east line of said sidewalk, but left travelers to the danger of falling off said sidewalk into said ditch, and such danger to travelers could have been obviated by the erection of such barriers; that on the night of October 23, 1897, appellee got off of a street car on Nineteenth street, and proceeded home along the east sidewalk of said Martindale avenue; that he did not know of the dangerous condition of said sidewalk; that he was walking in an ordinarily careful manner, and when he reached a point just south of Twenty-first street the wind suddenly lifted his hat from his head, and he instinctively grabbed in order to save his hat; that as he did so he slipped or stumbled and pitched into the ditch aforesaid, by reason of the fact that the appellant had negligently allowed the same to exist close to said sidewalk without barriers or protection of any kind; that as appellee fell, as aforesaid, he fell from the sidewalk immediately into said ditch, which at that point was full of rocks, and he fell to the bottom thereof into the water in said ditch; that for many hours he remained unconscious, as a result of said fall, and was not rescued from his dangerous position until the next morning; that for many months he remained sick from exposure, and in the fall he crushed his left hip so that for a long time he had to walk on crutches, and as a result of said injury his left limb has become shortened, his hip joint destroyed, so that now he is permanently lame, and is disabled from caring for himself or doing any manual labor; that appellee received said injuries without any fault or negligence on his part."

In support of their contention that appellant's demurrer to this paragraph of complaint should have been sustained,

counsel argue that there is no allegation that Martindale avenue was a public street or thoroughfare, and that no duty to appellee on the part of appellant is shown. The averment was that within the limits of appellant city there existed at and before the time of the accident certain streets, among which was one known as Martindale avenue. It is thus plainly charged that Martindale avenue was within the city limits, and was a street; and that term necessarily implies its public character without an express averment that it was a public street. *State* v. *Moriarty* (1881), 74 Ind. 103; *City of Columbus* v. *Strassner* (1890), 124 Ind. 482; *City of Indianapolis* v. *Higgins* (1895), 141 Ind. 1.

The complaint charges that the injury resulted from a defect in the street within the jurisdiction of appellant, and therefore the law supplied the power and imposed the obligation upon it to maintain such street in reasonably safe condition for use by persons in the exercise of ordinary care. It necessarily follows that a duty to appellee is sufficiently shown.

It is further argued that there is no allegation that at the time of the accident it was dark and the ditch could not be seen, and that it appears from the complaint that appellee was guilty of contributory negligence. The allegation is made that appellee did not know of the dangerous condition of the sidewalk, and that the accident occurred at night and without any fault or negligence on his part. This is clearly sufficient to repel the demurrer upon the grounds urged. In the case of *Town of Salem* v. *Goller* (1881), 76 Ind. 291, this court, by Woods, J., speaking of the averments of the plaintiff in a similar complaint, said: "The allegation that he was without fault, like the general averment of negligence, has a technical significance, and admits proof of any facts tending to show its truth. This is an exception to the ordinary rule of pleading under the code, which requires the

statement of the facts, rather than the conclusion deduced therefrom. In this respect, therefore, a complaint which contains this allegation is good, unless the other averments are such as to show affirmatively that the plaintiff was in fault." A like holding was announced in the following cases of the same character: *City of Ft. Wayne v. De Witt* (1874), 47 Ind. 391; *Murphy v. City of Indianapolis* (1882), 83 Ind. 76; *Town of Rushville v. Adams* (1886), 107 Ind. 475; *City of Elkhart v. Witman* (1890), 122 Ind. 538; *City of Franklin v. Harter* (1891), 127 Ind. 446; *City of Huntington v. McClurg* (1899), 22 Ind. App. 261. No contributory negligence is manifest upon the face of this paragraph of complaint, and appellant's demurrer thereto was rightly overruled.

The second paragraph of complaint is substantially like the first, except that no specific averment is made that appellee had no knowledge of the condition of the street and sidewalk. The jury was required to answer seventy-three interrogatories, and by its answer to the sixteenth interrogatory expressly found that appellee did not know of the conditions, existence, and location of the ditch relative to the street and walk prior to the time of the accident. It is apparent that the verdict was grounded upon the first paragraph of complaint, and we are not required to determine the sufficiency of the second paragraph upon this appeal, or to review the court's ruling in refusing to require the same to be made more specific.

Appellant's motion for a new trial alleged that error was committed in refusing to require the jury to make specific answer to interrogatory twenty-six, in refusing to give certain instructions tendered, in giving each instruction given by the court upon his own motion, and in numerous rulings with regard to the admission and exclusion of evidence. The motion further alleged that the damages are excessive, and that the verdict is not sustained by sufficient evidence, and is contrary to law.

Interrogatory twenty-six and the answer thereto are as follows: "Could not the plaintiff have passed along the opposite side of Martindale avenue in safety? A. We do not know." We have already seen that the jury found appellee to be without any previous knowledge of the condition of the street and walk to which his injury was attributed, and with this fact established it is manifest that the doctrine of choice of ways was not applicable, and that he might have passed in safety some other way was immaterial, as it could not be claimed that, in the absence of knowledge of the defect, he voluntarily encountered the danger which produced his injury. *City of Muncie* v. *Hey* (1905), 164 Ind. 570.

Appellant has not pointed out the evidence to justify the answer desired, as it should have done, and for that reason we might decline to pass upon the question presented. *Cincinnati, etc., R. Co.* v. *Cregor* (1898), 150 Ind. 625, 628.

But, since the fact, if found, that he might have gone safely another way was immaterial and not of controlling force, it is plain that the court did not err in refusing to require the jury to make a more specific answer to this interrogatory. *Indianapolis, etc., R. Co.* v. *Stout* (1876), 53 Ind. 143, 160; *McElfresh* v. *Guard* (1869), 32 Ind. 408, 414; *McCormick, etc., Mach. Co.* v. *Gray* (1885), 100 Ind. 285, 292; *Chicago, etc., R. Co.* v. *Hedges* (1886), 105 Ind. 398, 409; *Hudson* v. *Houser* (1890), 123 Ind. 309, 317; *Indiana Stone Co.* v. *Stewart* (1893), 7 Ind. App. 563, 565; *Supreme Lodge, etc.,* v. *Edwards* (1896), 15 Ind. App. 524, 528.

At the proper time appellant tendered and requested the court to give certain special instructions to the jury. We shall not examine each of them separately, as we are required to reverse the case, and in another trial many things will doubtless be eliminated of which

complaint is now made. The court, upon its own motion, by instructions numbered twenty-two, twenty-six, and thirty-one, charged the jury that the burden of proving contributory negligence, and that appellee did not use care in proportion to the known danger, or ordinary care, in traveling over the street or sidewalk in question, was upon appellant, and that these facts might be proved under the answer of general denial.

In this connection, appellant tendered at the proper time, and requested the court to give, the following instruction: "(4.) If the plaintiff has proved the foregoing things by a fair preponderance of the evidence, then he would be entitled to recover, unless it has also been shown by a fair preponderance of the evidence that the plaintiff was guilty of negligence which proximately contributed to the injuries complained of, in which latter case the plaintiff would not be entitled to recover. The burden is upon the defendant to prove negligence on the part of the plaintiff which contributed to the injury complained of, but if the evidence on the plaintiff's part should establish the negligence of the plaintiff, it would avail the defendant."

The instructions so given by the court are vigorously assailed. It may be conceded that in themselves they are not misleading or erroneous, and yet it does not follow that the instruction tendered should not have been given. If the instructions given by the court had been accompanied by the one requested upon the same subject, the law with respect to the burden and the manner of proving contributory negligence would have been fully and accurately stated as heretofore decided by this court. *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489; *Town of Winamac* v. *Stout* (1905), 165 Ind. 365; *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274. The instruction requested embodied a pertinent and correct statement of the law not

covered by any other instruction given, and appellant was entitled to have the same given as tendered, and the refusal to give said instruction was error.

This error was emphasized by the giving of erroneous instructions by the court upon its own motion, to the effect, that appellee was presumed to have used ordinary care in traveling over and upon the street or sidewalk in question. Instruction twenty-five, given by the court, was as follows: "It was the duty of the plaintiff, under the first paragraph of complaint, to use ordinary care in traveling over and upon the street or sidewalk in question, as alleged, and the presumption in this case is that he performed that duty and exercised ordinary care in traveling over and upon said street and sidewalk." Instruction thirty was the same in effect, but modified to apply to the issue joined upon the second paragraph of complaint.

This case does not belong to the class in which the doctrine *res ipsa loquitur* applies. In some jurisdictions where instantaneous death has resulted from alleged negligence, in the absence of any evidence to the contrary, the courts, as a matter of necessity, have sanctioned the indulgence of the presumptions of due care, founded upon the instinct of self-preservation. A presumption of freedom from fault, even in cases of death, never existed in this State, and that doctrine in any event has no application to the present controversy. Appellee was present at the trial and testified in his own behalf, and all the facts relating to the accident were fully detailed to the jury.

Each party charged the other with negligence under the issues joined, and the alleged negligence of each was a matter for the determination of the jury from all the facts and circumstances given in evidence, unaided by any presumption of law in favor of or against either party. In the trial of an issue of negligence, freedom from fault and the exercise of ordinary care cannot

be presumed or inferred as a matter of law from general conduct, or from the habits and instincts of mankind, or from the argument that men are likely to be careful in places of danger. It is a matter of common knowledge that men are careless as well as careful, and that they often negligently contribute to their own injury, and, on the other hand, frequently by the exercise of ordinary care avoid injury. Before the enactment of the statute of 1899 (Acts 1899, p. 58, §359a Burns 1901) the burden was upon the party prosecuting an action for negligence as a necessary part of his case to establish affirmatively that the person so injured or killed did not by his own want of ordinary care contribute to produce the accident. In the application of the principle it was just as fatal to the cause of the plaintiff, if he failed to show his freedom from fault, as if it affirmatively appeared that his own carelessness proximately contributed toward producing his injuries. A plaintiff under the former rule was not clothed as a matter of law with any presumption of care or of freedom from negligence, but upon the trial the inquiry was whether from the evidence, it appeared affirmatively, either directly or by inference, that he did not by his own fault contribute to the accident. *Toledo, etc., R. Co.* v. *Brannagan* (1881), 75 Ind. 490, 495; *Evansville St. R. Co.* v. *Gentry* (1897), 147 Ind. 408, 415, 37 L. R. A. 378, 62 Am. St. 421.

Section 359a, *supra,* does not attempt to create a presumption of law as to a contested issue, but only relieves a plaintiff of the burden of showing affirmatively the negative fact that he is without fault proximately contributing to his own injury.

This statute makes contributory negligence a ground of defense, affirmative in character, and its existence must be established by a preponderance of the evidence to defeat a recovery by a plaintiff injured through the negligence of another. The burden of showing con-

tributory negligence is upon the defendant, but it may be established by a fair preponderance of the evidence upon that issue, and a defendant is not required to have a preponderance plus so much evidence as may be deemed necessary to outweigh and overthrow a presumption of law in favor of the plaintiff. Presumptions of law are such inferences as are warranted by the legal experience of courts in administering justice, and are usually founded upon reasons of public policy and social convenience and safety. Some of these presumptions have become so well established as to be conclusive as rules of law, while others are only *primâ facie* evidence, and may be rebutted.

Presumptions of fact are inferences which enlightened common sense, and experience may draw from the connection, relation, and coincidence of facts and circumstances with each other. If the fact in question necessarily accompanies, or is usually associated with, certain other facts and circumstances, such associated facts and circumstances are admissible in evidence as tending to prove or affording the basis for an inference of the existence of the disputed fact. The so-called presumption of fact must always be drawn by the trial court or jury from the evidence, and the only presumptions of fact which the law recognizes are such immediate inferences as the court or jury trying the cause may reasonably draw from facts proved. The court, therefore, erred in giving instruction twenty-five, to the effect that appellee was presumed to be without fault and in the exercise of ordinary care at the time of the accident. *Union Mut. Life Ins. Co.* v. *Buchanan* (1885), 100 Ind. 63; *City of Columbus* v. *Strassner* (1894), 138 Ind. 301, 304; *Manning* v. *Insurance Co.* (1879), 100 U. S. 693, 25 L. Ed. 761; *Grand Trunk R. Co.* v. *Ives* (1892), 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485; *Wiwirowski* v. *Lake Shore, etc., R. Co.* (1891), 124 N. Y. 420, 26 N. E. 1023; *Riordan* v.

*Ocean Steamship Co.* (1891), 124 N. Y. 655, 26 N. E. 1027; *Rapp* v. *St. Joseph, etc., R. Co.* (1891), 106 Mo. 423, 17 S. W. 487; *Lee* v. *Knapp & Co.* (1893), 55 Mo. App. 390; *Chicago, etc., R. Co.* v. *Woolridge* (1897), 72 Ill. App. 551; *Missouri Pac. R. Co.* v. *Baier* (1893), 37 Neb. 235, 252, 55 N. W. 913; *Ellis* v. *Leonard* (1899), 107 Iowa 487, 78 N. W. 246; *Burk* v. *Walsh* (1902), 118 Iowa 397, 92 N. W. 65; *Bell* v. *Incorporated Town of Clarion* (1901), 113 Iowa 126, 84 N. W. 962; *Johnson* v. *Walsh* (1901), 83 Minn. 74, 85 N. W. 910; *McDonald* v. *Montgomery St. Railway* (1895), 110 Ala. 161, 20 South. 317; *McLane* v. *Perkins* (1898), 92 Me. 39, 42 Atl. 255, 43 L. R. A. 487.

Many alleged errors have been discussed by counsel; but as they will probably not occur upon another trial, they will not be considered. The errors in refusing to give instruction four as requested by appellant, and in giving instruction twenty-five, as heretofore set out, necessitate the granting of a new trial.

The judgment is accordingly reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings.