KILGORE ET AL. *v.* GANNON ET AL.

[No. 22,710.  Filed December 13, 1916.]

1.  APPEAL.—*Scope of Review.—Evidence not in Record.—Instructions.*—Where the evidence is not in the record, if the instructions alleged to be erroneous are proper under any evidence properly admitted under the issues in the case, no reversal is authorized, but if the instructions given are wrong under any state of facts that could be proven under the issues and direct the minds of the jury to an improper basis on which to predicate a verdict, the cause will be reversed, though the evidence is not in the record. p. 683.

2.  WILLS.—*Contest.—Presumption from Probate.—Nullification by Contrary Proof.—Instruction.*—In an action to contest a will, an instruction that the fact that the will had been admitted to probate was *prima facie* evidence that the deceased was a person of sound mind at the time the will was executed and that it was duly and properly executed, was erroneous, evidence to the contrary having been offered, since the ordinary function of most so-called presumptions of law, as they relate to the law of evidence, is to cast on the party against whom the presumption works the duty of going forward with evidence, and when that duty is performed, the presumption is *functus officio*, and becomes of no avail as evidence to be considered by the court or jury.  p. 683

From Vermillion Circuit Court; *Barton S. Aikman,* Judge.

Action by James T. Kilgore and others against

Clara Gannon and others. From a judgment for defendants, the plaintiffs appeal. *Reversed.*

*A. G. Leonard, H. H. Conley* and *W. B. Conley,* for appellants.

*E. E. Neel, H. B. Aikman* and *Charles N. Fultz,* for appellees.

ERWIN, J.—This was an action to contest a will. The complaint is in one paragraph and in the usual form. The error relied on for reversal is the overruling of the motion for a new trial, and arises upon exceptions to the giving of certain instructions.

1. The evidence is not in the record, hence if the instructions were proper under any evidence properly admitted under the issues in the case, no reversal is authorized, but on the other hand, if the instructions given are wrong under any state of facts that could be proven under the issues in the case and direct the minds of the jury to an improper basis on which to predicate a verdict, the cause will be reversed, though the evidence is not in the record.

2. The first instruction complained of is No. 10, and reads as follows: "Gentlemen of the jury, if you find by a preponderance of the evidence in this case that the will in question has been admitted to probate, then I instruct you that such fact is *prima facie* evidence that the deceased Hugh M. Kilgore was a person of sound mind at the time the will in question was executed, and that said will was duly and properly executed."

The ordinary function of most so-called presumptions of law, as they relate to the law of evidence, is to cast on the party against whom the presumption works the duty of going forward with evidence, and when that duty is performed, the presumption is

*functus officio* and has no proper place in the instructions to a jury. Thayer, Prelim. Treatise on Ev. 339, 346; Chamberlayne, Mod. Law of Ev. §§1021, 1085; *Breadheft* v. *Cleveland* (1915), 184 Ind. 130, 110 N. E. 662. Elliott in his work on Evidence says: "A presumption operates to relieve the party in whose favor it operates from going forward in argument or evidence, and serves the purpose of a *prima facie* case until the other party has gone forward with his evidence, but, in itself, it is not evidence, and involves no rule as to the weight of evidence necessary to meet it." Elliott, Evidence §3. "The weight of authority is against regarding a presumption as evidence." Jones, Com. on Ev. §10.

In *Bates* v. *Pricket* (1854), 5 Ind. 22, 61 Am. Dec. 73, this court said: "A presumption, like a fact proved, remains available to the party in whose favor it arises, until overcome by opposing evidence." That statement has been followed by this court in *Adams* v. *State* (1882), 87 Ind. 573, 575; *Cleveland, etc., R. Co.* v. *Newell* (1885), 104 Ind. 264, 273, 3. N. E. 836, 54 Am. Rep. 312; *Louisville, etc., R. Co.* v. *Thompson* (1886), 107 Ind. 442, 446, 8 N. E. 18, 9 N. E. 357, 57 Am. Rep. 120; *Harris* v. *Ross* (1887), 112 Ind. 313, 13 N. E. 873; *Muncie Nat. Bank* v. *Brown* (1887), 112 Ind. 474, 478, 14 N. E. 358; *Pedigo* v. *Grimes* (1888), 113 Ind. 148, 151, 13 N. E. 700; *Montgomery* v. *Wasem* (1888), 116 Ind. 343, 355, 15 N. E. 795, 19 N. E. 184; *Old Nat. Bank, etc.* v. *Findley* (1892), 131 Ind. 225, 228, 31 N. E. 62; *Hilgenberg* v. *Northup* (1893), 134 Ind. 92, 94, 33 N. E. 786; *Welty* v. *State* (1914), 180 Ind. 411, 422, 100 N. E. 73. In the case of *Welty* v. *State, supra,* this court said: "Our conclusion is, that whether it be a presumption of malice, or of innocence, it is an administrative assumption of a *prima facie* char-

acter, and that each yields before evidence showing
the facts." In *Steinkuehler* v. *Wempner* (1907), 169
Ind. 154, 161, 81 N. E. 482, 15 L. R. A. (N. S.) 673,
this court said: "The material point determined is
that the testamentary capacity of the testator must
be established by the proponents, and is adjudged by
the order admitting the will to probate.   In the
absence of objections, the general presumption of
law in favor of sanity would ordinarily supply the
requisite proof, and in case of a contest would suffice
to make a *prima facie* case in favor of the propo-
nents. ' A presumption, like a fact proved, remains
available to the party in whose favor it arises, until
overcome by opposing evidence.'"   *Bates* v. *Pricket*,
*supra*.   In *United States* v. *Ross* (1875),  92 U. S
281,  23  L.  Ed.  707,  where the   claimant relied
on   the   presumption   that   a   public officer does
his duty, the court, after referring to the statement
made  by  Best,  in  his  Treatise  on  Evidence,
to the effect that while some of the incidents of official
action may be presumed, in the absence of evidence
to the contrary, said:   "Nowhere is the presumption
held to be a substitute for proof of an independent
and material fact."   Wigmore in his work on Evi-
dence, §2491 states:   "If the opponent does offer
evidence to the contrary (sufficient to satisfy the
judge's requirements of some evidence) the pre-
sumption disappears as a rule of law, and the case
is in the jury's hands free from any rule.   It is
therefore a fallacy to attribute (as do some judges)
an artificial probative force to a presumption, in-
creasing for the jury the weight of the facts even
when the opponent has come forward with some
evidence to the contrary."   In 9 Encyclopedia of
Evidence 885, we find the following:   "Since the
function of a presumption logically considered is
merely to impose the burden of going forward with

the evidence upon the party against whom it oper-
ates, when contrary evidence is adduced the pre-
sumption disappears, although the facts upon which
it rested still remain as evidence in the case. A
presumption therefore is not evidence." The case of
*Befay* v. *Wheeler* (1893), 84 Wis. 135, 53 N. W. 1121,
is an authority upon the proposition that mere
*prima facie* intendments cannot be so projected into
a case as to give probative force to them as against the
opposing evidence. In that case plaintiff relied upon
the familiar rule that all reasonable presumptions
must be made in favor of the regularity of public
officers. The court said: "This rule is well estab-
lished, but it does not appear to be applicable under
the present circumstances. It is a mere presumption
of law, which operates only in case of absence of
evidence. It disappears entirely in the presence
of positive, uncontradicted evidence upon the
subject."

In Elliott on Evidence, §93, the author has this
to say: "It is sometimes said that the presumption
will tip the scale when the evidence is balanced.
But in truth, nothing tips the scale but evidence,
and a presumption, being a legal rule or a legal
conclusion, is not evidence."

In *Ausmus* v. *People* (1910), 47 Col. 167 107
Pac. 204, 216, 19 Ann. Cas. 491, 501, the court, in
speaking of so-called presumptions, or rather in-
ferences, said: "Upon whatever basis they rest they
operate in advance of evidence or argument, or, irre-
spective of each, by taking the same for granted; by
assuming its existence. * * * The fact, or the de-
duction from the facts in evidence, in the particular
inquiry may be otherwise than the presumption.
To say that a certain thing is a 'presumption of fact'
is to attempt to mandamus the human mind. One
mind may infer from certain facts a different result

than that deduced from the same facts by another mind. For a court to advise a jury that a certain thing is a presumption 'of fact,' and not 'of law,' and that they are at liberty to presume certain things from facts in evidence, is more nearly to comment upon the weight of evidence, than to advise that 'the law presumes' certain things when certain facts are proven." Wigmore in his work on Evidence, §2491, asserts that: "The distinction between presumptions 'of law' and presumptions 'of fact' is in truth the differences between things that are in reality presumptions * * * and things that are not presumptions at all. A presumption * * * is in its characteristic feature a rule of law. * * * The distinction between presumptions of fact and of law was a mere borrowing of misapplied Continental terms. There is in truth but one kind of presumption; and the term 'presumption of fact' should be discarded as useless and confusing." Prof. Thayer in his Preliminary Treatise on Evidence, p. 339, in commenting on presumptions of law and presumptions of fact says that the discrimination between them is one of no special significance in the law of evidence; and states further: "But the essential character and operation of presumptions, so far as the law of evidence is concerned, is in all cases the same, whether they be called by one name or the other; that is to say, they throw upon the party against whom they work, the duty of going forward with the evidence; and this operation is all their effect, regarded merely in their character of presumption." In *Ham* v. *Barret* (1859), 28 Mo. 388, the court, speaking of an instruction asked, and refused by the court, said: "Where a presumption is one of fact merely, the court is not warranted in declaring it to the jury as a presumption authoritatively raised by

law, but should direct them that from the evidence it is their province to determine whether they will raise the presumption or not. The jury, looking to the bench for the law, would naturally take it that such a declaration was binding and left them no discretion. Where the facts are before the jury, the presumptions or inferences they warrant are questions purely for them." In *Justice* v. *Lang* (1873), 52 N. Y. 323, the court said: " 'Presumptions of law are, in reality, rules of law and part of the law itself; and the court may draw the inference whenever the requisite facts are developed, whether in pleading or otherwise, while all other presumptions, however obvious, being only inferences of fact, cannot be made without the intervention of a jury'. * * * But presumptions of fact, which come within the province of the jury, are said to be but mere arguments, of which the major premise is not a rule of law, and are to be judged by the common and received tests of the truth of propositions and the validity of the arguments. Presumptive evidence and the presumptions or proofs to which it gives rise are not indebted for their probative force to any rule of positive law; but juries, in inferring one fact from others which have been established, do nothing more than apply, under the sanction of the law, a process of reasoning, the force of which rests on experience and observation, and such inferences are presumptions of fact." In *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516, 79 N. E. 499, this court said that notwithstanding the statute relieving plaintiff, in personal injury suits from the necessity of showing noncontributory negligence, a trial court was not justified in giving an instruction, concerning the duty of the plaintiff to exercise ordinary care; that "the presumption in this case is that he performed that duty and exer-

cised ordinary care." The exact language of the court is: "The burden of showing contributory negligence is upon the defendant, but it may be established by a fair preponderance of the evidence upon that issue, and a defendant is not required to have a preponderance plus so much evidence as may be deemed necessary to outweigh and overthrow a presumption of law in favor of the plaintiff."

We are of the opinion that the presumption or *prima facie* case made out by an *ex parte* probate of a will, when contested under the provisions of §3154 Burns 1914, Acts 1911 p. 325, becomes of no avail as evidence to be considered by the court or jury, as soon as evidence is introduced in opposition thereto. It is then incumbent upon the proponents of the will or those interested in upholding it to introduce in evidence the facts at their disposal to rebut the evidence of contestors, thereby giving the court or jury full opportunity to determine who has a preponderance of the evidence.

The instruction under consideration is erroneous in that it permitted the jury to consider as evidence of testator's soundness of mind, the fact that his will had been admitted to probate, upon which the presumption arises that testator was at the time a person of sound mind, and of disposing memory, and duly and properly executed his will. With evidence pro and con on the subject of sanity of testator, the probate of the will is not evidence and is not even a proper basis from which the jury had a right to draw an inference that the testator was of sound mind when he executed the will in question.

Other questions are raised upon other instructions

Western Union Tel. Co. *v.* Louisville, etc., R. Co.—185 Ind. 690.

given, but they are not likely to be encountered on another trial, and which are not, therefore, determined.

For error in giving instruction No. 10, the judgment is reversed, with instructions to the trial court to sustain appellant's motion for a new trial.

NOTE.—Reported in 114 N. E. 446. Burden of proof as to testamentary capacity after probate of will, 36 L. R. A. 739; Ann. Cas. 1914C 535.