VANMETER ET AL. *v.* RITENOUR, ADMINISTRATOR.

[No. 24,186. Filed November 16, 1923.]

1. WILLS.—*Contest of.—Burden of Proof.*—In a proceeding to contest a will after probate, the burden of proof is on the plaintiff to prove his complaint. p. 618.

2. WILLS.—*Contest of.—Burden of Proof.—Instruction.*—In a proceeding to contest a will after probate, on the ground that the testator was of unsound mind, an instruction that the will having been admitted to probate, the law presumes that the

testator was of sound mind at the time it was executed, but that such presumption was not conclusive and might be overcome by the plaintiffs if they established the allegations of their complaint by a preponderance of the evidence, was not misleading where the jury was told in other instructions that the burden of proving unsoundness of mind rested on the plaintiffs, and that if this was done by a preponderance of the evidence, they could recover. (*Kilgore* v. *Cannon*, 185 Ind. 682, distinguished.)   p. 619.

From Tippecanoe Circuit Court; *Henry H. Vinton,* Special Judge.

Action by Fay Etta VanMeter and others against John F. Ridenour, administrator, and others to contest the will of John F. Ridenour. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Stuart, Simms & Stuart, Victor H. Ringer* and *McCabe & Sons,* for appellants.

*U. S. Lesh,* Attorney-General, *Harley D. Billings, C. V. McAdams* and *Harry P. Schultz,* for appellees.

GAUSE, J.—This is an action by the appellants against appellees to set aside the will and codicil thereto of John Ridenour, deceased. The appellants alleged that said testator was of unsound mind at the time of the execution of the alleged will and codicil, and also alleged that said will and codicil were procured by undue influence and fraud, and that the same were unduly executed. The appellants withdrew from the jury the issues of undue influence and fraud and relied solely upon the issue of unsoundness of mind. The issues were closed by a general denial, and a trial by jury resulted in a verdict for the defendants (appellees). From a judgment upon such verdict, the appellants appeal

The appellants filed below their motion for a new trial, in which was assigned as a cause therefor, among other things, that the court erred in giving to the jury instruction No. 7, given at the request of the appellees.

The motion for a new trial was overruled and the appellants assign as error the overruling of such motion and discuss in their brief the one alleged error in the giving of said instruction No. 7. In said instruction, the court told the jury that the will and codicil thereto had been admitted to probate, and that *therefore* the law presumes that the testator was of sound mind at the times they were executed; that such presumption was not conclusive and might be overcome by the plaintiffs if they established the allegations of their complaint by a preponderance of the evidence.

Appellants rely entirely upon the case of *Kilgore* v. *Gannon* (1916), 185 Ind. 682, 114 N. E. 446, to sustain their contention that this instruction was erroneous.

In the case of *Kilgore* v. *Gannon, supra,* the court held erroneous an instruction which told the jury that, if they found that the will in question had been admitted to probate, that such fact is *prima facie evidence* that the testator was a person of sound mind. The court in that case held the instruction referred to erroneous because it permitted the jury to consider as evidence of testator's soundness of mind, the fact that his will had been admitted to probate.

In the case at bar, the court further instructed the jury, at the request of the appellants, as follows: "No. 17. If the plaintiffs in this cause have proven by a fair preponderance of the evidence, the charge that John Ridenour had not sufficient mental capacity to execute the will and codicil in suit, at the respective times that he executed the same, then such will and codicil would be invalid in law, and you should so find, and if such proof has been made, the fact, if it be a fact, that the will and codicil has been heretofore probated in the Warren Circuit Court, would not uphold the will and codicil or render them valid. *I instruct you that the record of the probate of the will and codicil in question*

*cannot be considered by you as evidence tending to prove the sanity of the testator, John Ridenour, at the time of the execution of said will and codicil."*

The question in the case at bar is not the same as in the case of *Kilgore* v. *Gannon, supra,* for the reason that, in the instruction just quoted, this jury was expressly told that the record of the• probate of the will *was not* any evidence of soundness of mind, while in the Kilgore case, the jury was told that such fact *was prima facie* evidence of soundness of mind.

In a proceeding to contest a will after probate, the burden is upon the plaintiff• to prove his complaint; in this case, it was to prove unsoundness of mind of testator. *Pence* v. *Myers* (1913), 180 Ind. 282, 101 N. E. 716, and cases cited.

1. of testator. *Pence* v. *Myers* (1913), 180 Ind. 282, 101 N. E. 716, and cases cited.

The above rule of law was recognized by the appellants in this case, as they requested the court to give another instruction, being appellants' instruction No. 16, which was given, in which it was stated that the law presumes every person is of sound mind until the contrary is proven. Also by their requested instruction No. 11, which was given, the jury was told that the burden of proving by a preponderance of the evidence the alleged unsoundness of mind of the testator rests upon the plaintiffs.

By instruction No. 7 complained of herein, the jury was told that the law presumed the testator to be of sound mind at the time of the execution of the will, just as the appellants requested them to be instructed in their instruction No. 16; and further in said instruction No. 7, the jury was told that this presumption could be overcome by a preponderance of the evidence, while in appellants' requested instruction No. 11, the jury was told that the burden of proving the unsoundness of mind by a preponderance of the evidence rested upon the plaintiffs.

We cannot commend the questioned instruction, for, standing alone, it might be construed as giving undue evidentiary weight to the fact that the will had been admitted to probate, but, considered in connection with instructions Nos. 11, 16 and 17, requested by the appellants and given by the court, the jury could not have been misled.

Considering said instruction No. 7 and said instructions Nos. 11, 16 and 17, the jury was told that the law presumed the testator to be of sound mind; that 2. the burden of proving unsoundness rested upon the appellants, and that if this was done by a preponderance of the evidence, they could recover. This is the law as applied to the case at bar and there was nothing in said instruction No. 7 that conflicted with this.

Considering all these instructions together, the jury could not have failed to understand that if the appellants proved by a preponderance of the evidence the alleged unsoundness of mind of the testator, they could recover, and this was a burden the appellants were under.

No reversible error is shown. The judgment is affirmed.