## MINARDO v. STATE OF INDIANA.

[No. 25,367. Filed December 21, 1932. Rehearing denied February 22, 1933.]

424

*Ira M. Holmes,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant, charged by indictment, was tried before a jury and convicted in the court below of involuntary manslaughter. Section 2416 Burns 1926. His motion for a new trial was overruled and error is here assigned on that ruling. The causes specified in the motion covering the various contentions of appellant are: Error of the court in overruling defendant's motion to require the state to first examine the jury on its voir dire; verdict not sustained by sufficient evidence; and verdict contrary to law.

As to the first specification, appellant insists that the action of the court in ordering him to first proceed with the voir dire examination of the jury required him "to assume the burden of proof," in that it compelled him "to make a statement of the case

for the information of the jurors before there had been a presentation against the defendant by the state." This question was presented, supported by the same argument and authorities, considered and decided contrary to appellant's insistence in *Hicks* v. *State* (1927), 199 Ind. 401, 156 N. E. 548. We have again examined carefully our ruling in the Hicks case without finding any reason to change our views therein expressed. It is true that if appellant, by being first called upon to make a voir dire examination of the jury, thereby assumed any burden regarding the issue to be tried, his position might have some merit. The impaneling of a jury is not a part of the trial (*Bush* v. *State* (1920), 189 Ind. 467, 128 N. E. 443) in the sense that the burden of proof is cast upon either party to the action. Evidence or proof is that which is submitted to the jury after it is sworn to try the cause. At the time appellant was tried, the order in which the trial should proceed was fixed by statute. Sec. 2301 Burns 1926. By requiring appellant to first proceed to examine the jury, the court exercised its discretion. As we see this case, and being fully cognizant of the force of appellant's argument, we are not persuaded to hold that appellant was harmed by the court's ruling.

On the question of sufficient evidence to sustain the verdict, we look only to the evidence most favorable to the state (*Grose* v. *State* (1927), 199 Ind. 182, 156 N. E. 389), and by so doing it appears that appellant, between nine and nine-thirty in the evening, was driving east on the Rockville Road leading into Indianapolis from the west in a Nash single-seated roadster. With him were Bertha Wright and Betty Campbell, all seated on the single seat of the car. Eighteen feet of the width of the road was paved. Jacob Tillman, with his wife and three children, was driving his Ford touring car west on the same road.

When Tillman was about 400 feet east of a 66-degree curve in the road, appellant, on the left side thereof, came around it and toward Tillman, continuing on the left-hand of the center of the road at a speed of from forty-five to fifty miles per hour. Tillman was on the right side of the road driving at a speed of from twelve to fifteen miles per hour when the left front wheel of each car collided, tearing off the left front wheel and front fender, jammed the running board into the rear wheel, springing the front axle, bending the radius rod of the Tillman car, and turning it crosswise the road headed to the south, the front of which was about two feet south of the center of the road. The Nash car proceeded east about one hundred thirty feet when it lost its left front wheel, then turned to the left side of the road down a small bank, continuing through a woven wire fence, knocking down a six-inch cedar post, two posts supporting a signboard, two dogwood trees the size of a man's wrist, and down a bank some twelve feet into a ravine, finally striking a stump with such force that it was completely turned around. Bertha Wright was thrown from the car receiving a fractured skull and when picked up was bleeding at the mouth and ears and was dead. Appellant says the collision of the cars caused him to lose control of his car.

At the time of this alleged homicide, we had a statute in this state limiting the speed of automobiles (Sec. 10140 Burns 1926) and providing penalties for the violation thereof. We infer from the evidence that this homicide occurred without the limits of any city, town or village, in which case the operating of any motor vehicle at a greater speed than thirty-five miles per hour is declared by the statute to "be prima facie evidence that the person driving or operating such motor vehicle or motor bicycle is running at a rate of speed which is greater than is reasonable and prudent."

The state, as a part of its original case, introduced evidence that appellant, at the time of the collision, was speeding his car at from forty-five to fifty miles per hour. This evidence, if undisputed, would establish a fact which the legislature, by the statute last mentioned, has declared sufficient to raise a presumption of law which would serve to make out a prima facie case that appellant was operating his car at an unreasonable and imprudent rate of speed. But appellant, in his defense, corroborated by Miss Campbell, testified that at the time of the collision of the two cars he was driving his car at a speed of from thirty to thirty-five miles per hour. The foregoing noticeably conflicting evidence as to the speed appellant was driving abrogated the legislative presumption, or, in other words, the basis supporting a prima facie case disappeared, thus leaving the case in that particular to the jury to be determined, like any other case, upon the weight of the evidence. A presumption cannot be substituted for proof of an independent and material fact. *Kilgore* v. *Gannon* (1916), 185 Ind. 682, 114 N. E. 446, L. R. A. 1917E, 530; *Cleveland, etc., R. Co.* v. *Wise* (1917), 186 Ind. 316, 116 N. E. 299; *Moore* v. *Ryan* (1919), 188 Ind. 345, 348, 123 N. E. 642; *Welty* v. *State* (1913), 180 Ind. 411, 100 N. E. 73; *Bates* v. *Prickett* (1854), 5 Ind. 22, 61 Am. Dec. 73; 1, Elliott, Evidence, §93; 2, Chamberlayne, Mod. Law of Ev., §§1021, 1085; Jones, Com. on Ev., §10.

Our conclusion on the sufficiency of the evidence must be determined without reference to the statutory prima facie declaration. Hence, the remaining question, and the only one necessarily involving the evidence, is: Does the evidence warrant the jury in finding that appellant, at the time of the collision, was driving his car at a high and dangerous rate of speed, and under circumstances showing a wanton and reckless disregard

of the rights and safety of others, thereby causing the death of Bertha Wright?

The legislature of this state, by §2416 Burns 1926, in defining involuntary manslaughter, used the language defining the crime at common law. Blackst. Comm., Book 4, p. 191. "Unlawful," as applied to the commission of some unlawful act, is defined as "That which is contrary to law." Bouvier's Law Dict., or "implies that the act is done or not done as the law allows or requires." Anderson's Law Dict. And the word "act"— "to produce an effect." Webster.

In *Smith* v. *State* (1917), 186 Ind. 252, 258, 115 N. E. 943, 946, this court, in speaking of the sufficiency of the third count of the indictment charging involuntary manslaughter, said: "It further charges that appellant, under such conditions (the thoroughfare where the accident occurred was much frequented by pedestrians and vehicles), unlawfully drove his machine over said street in a reckless and wanton manner, without regard for the safety of others, and at the high and reckless rate of speed of twenty-five miles an hour. This count of the indictment charges appellant with gross carelessness in the operation of his automobile, and is clearly sufficient under the rule that a negligent act which shows a wanton and reckless disregard for the rights and safety of others, and which causes the death of another, will constitute manslaughter." Citing cases.

The words "unlawful act," used in the statute defining involuntary manslaughter, comprise, as they did at common law, more than an act prohibited by positive statute. As said in *Dunville* v. *State* (1919), 188 Ind. 373, 375, 123 N. E. 689: "One may be guilty of involuntary manslaughter if he conducts himself, in a given set of circumstances, with such willful disregard for the rights of others as to show a

wanton recklessness as to the life and limb of other persons. It is also true that, if he is acting in violation of a positive statute under circumstances that show a reckless disregard for the life and limb of others, and this violation is the proximate cause of the death, the law then implies an intent to do the injury and makes him guilty of involuntary manslaughter."

The indictment in this case charges not only the driving of the automobile at a greater rate of speed than that permitted by law, but also at a speed "greater than was reasonable and prudent having regard to the traffic and the use of said highway then and there existing, and which said rate of speed was then and there such as to endanger the life and limb of any person using said highway," and as the "direct result of the unlawful, reckless and wanton manner and rate of speed at which he, the said Mike Minardo, then and there operated said motor vehicle on said public highway," one Bertha Wright, then and there a guest in said motor vehicle, was thrown out of it and onto the ground, thereby fracturing her skull and inflicting mortal wounds upon her body, from which mortal wounds she then and there died.

Appellant insists that the charge upon which he was tried is limited to the alleged unlawful speed as the proximate cause of the death of Bertha Wright, and that there is no evidence showing that Miss Wright would not have been killed had he been driving at a lawful rate of speed. In our opinion the charge is not limited to the alleged violation of the speed limit statute, but it especially covers the driving of an automobile under circumstances showing a willful and reckless disregard for the life and limb of other persons. The traffic on the road; the driving experience of appellant; whether or not the three seated in the car interfered with the driver's control thereof; the

position of the car at the time of the collision with reference to the center of the road; the weight of the car, the condition of its brakes and the effectiveness of its headlights were evidentiary circumstances proper to be considered in determining the essential fact of whether or not appellant was guilty of wanton and reckless driving proximately causing the death of Bertha Wright. It is true the mere violation of a positive statute would not necessarily be sufficient to convict one charged with some other offense, although both offenses may be closely associated, but such violation, as here charged, is a circumstance to be considered in connection with all other facts and circumstances tending to show a willful and reckless disregard for the rights, life and limb of other persons.

Having determined that the instant case tendered the issue of willful and reckless conduct, a principle of law especially applicable here was pronounced in the case of *Potter* v. *State* (1904), 162 Ind. 213, 217, 70 N. E. 129, 131, 64 L. R. A. 942, 102 Am. St. Rep. 198, 1 Ann. Cas. 32, as follows: "A person will not be permitted to do an act which jeopardizes the life and safety of another, and then, upon plea of accident, escape liability for a homicide involuntarily resulting from his reckless or careless act of conduct." Citing cases.

The crime charged and to be proven in this case was involuntary manslaughter. In order to support the charge the death must have resulted from the willful and reckless acts of appellant, implying an indifference to consequences which may ensue equivalent to a criminal intent. *People* v. *Barnes* (1914), 182 Mich. 179, 148 N. W. 400; *Smith* v. *State, supra; Dunville* v. *State, supra; State* v. *Dorsey* (1888), 118 Ind. 167, 20 N. E. 777, 10 Am. St. Rep. 111.

In the absence of a showing to the contrary we must

assume that the instant case upon the evidence was submitted to the jury upon the theory of the law outlined in this opinion. Such being the case, and since there was evidence before the jury tending to prove all the material facts to sustain the verdict which was approved by the trial court in passing upon the motion for a new trial, (*Lowery* v. *State* [1925], 196 Ind. 316, 321, 147 N. E. 151, 148 N. E. 197), we would not therefore be justified in disturbing the judgment of the court below, for to so do would require us to weigh the evidence, a function the settled law has forbidden.

Judgment affirmed.