## KAISER ET AL. *v.* HAPPEL ET AL.

[No. 27,624.   Filed October 9, 1941.]

*McDonald & McDonald,* of Princeton, and *W. C. Clippinger,* of Evansville, for appellants.

*H. L. Taylor* and *Benjamin F. Zieg,* both of Evansville, and *Claude A. Smith,* of Princeton, for appellees.

RICHMAN, J.—Appellants filed objections to the probate of the will of Amelia Seip, deceased, naming ap-

pellees as defendants in the action which charged unsoundness of mind, undue execution, undue influence, and duress. Trial before a jury resulted in a verdict and judgment for the appellees. Motion for new trial was overruled on which ruling error is assigned. One of the questions properly presented in the motion is alleged error in giving at the request of appellees the following instruction:

> "I instruct you that under the law, every person is presumed to be of sound mind until the contrary is proved and in this case the law presumes that Amelia Seip was a person of sound mind at the time of the execution of the will in controversy, and the defendants are entitled to the benefit of this presumption until and unless such presumption is overcome by a preponderance of all the evidence. If after considering all the evidence in the case on the subject of her mental condition, you find such evidence is evenly balanced without a preponderance thereof being one way or the other, then your verdict should be for the plaintiffs because the burden of proof is on the defendants."

In actions where the mental capacity of a testator to make a will is the issue, the burden of proof depends upon the character of the action. Before probate one who seasonably objects to probate and follows up his objections by a formal complaint in resistance of probate, puts upon the proponent of the will the burden of proving the requisite mental capacity to give validity to the will. *Johnson* v. *Banker* (1923), 193 Ind. 16, 19, 138 N. E. 505, 506. The jury may not assume the existence of the fact in issue. It must be proved by evidence. If the fact, that is, soundness of mind, is not proved by a preponderance of the evidence, then the proponent fails and probate is denied.

After probate the rule is different. The proceedings in probate constitute an *ex parte* judgment that the

testator was of sound mind when the will was executed. This judgment may be set aside if thereafter, in an action to contest the will and the probate thereof, it be proved that the testator was of unsound mind when he executed the will. But the burden of proof, as in any case where a judgment is attacked, is upon him who challenges its validity. The fact in issue in such case is unsoundness of mind and the burden is upon him who asserts the fact, namely, the plaintiff in the action to contest. *Pence* v. *Myers* (1913), 180 Ind. 282, 101 N. E. 716.

It is proper, of course, to instruct a jury as to the burden of proof and the last sentence of this instruction correctly applies the rule in this form of action. But the first sentence has no place in this or any other instruction.

The books are full of confusing *dicta* concerning presumptions. We hope we shall not add to the confusion by the brief discussion necessary to show the error of the first sentence of this instruction. It is a compound sentence. The first clause asserts generally that "every person is presumed to be of sound mind until the contrary is proved" and specifically that such presumption applies to this testatrix. So much of the sentence perhaps would not have been harmful although it should not have been stated to the jury. The second clause of the sentence states that "defendants are entitled to the benefit of this presumption until and unless such presumption is overcome by a preponderance of all the evidence." This was both erroneous and harmful.

Following his discussion of "Burden of Proof" in IX Wigmore on Evidence (3rd ed.) the author, beginning with § 2490, takes up the related subject of "Presumptions." He says, § 2491: "The distinction

between presumptions 'of law' and presumptions 'of fact' is in truth the difference between things that are in reality presumptions (in the sense explained above) and things that are not presumptions at all." But he has already stated in § 2490 that what he now calls "in reality presumptions" are better called "rules of law." So if his nomenclature be adopted there is no such thing as a presumption either of law or of fact.

Treating the statement in the first clause of the sentence as "in reality" a presumption or a rule of law, it is not a rule for the jury but for the judge to guide him in determination of the order of proof, the so-called duty of going forward with the evidence. The presumption has no place in any instruction because all matters in connection with the order of proof, including the failure to discharge the duty of going forward, have been decided by the judge before the trial has reached the stage when the jury is to be instructed. This was stated in *Kilgore* v. *Gannon* (1916), 185 Ind. 682, 683, 114 N. E. 446, as follows:

> "The ordinary function of most so-called presumptions of law, as they relate to the law of evidence, is to cast on the party against whom the presumption works the duty of going forward with evidence, and when that duty is performed, the presumption is *functus officio* and has no proper place in the instructions to a jury."

So the statement in the instant instruction to the effect that testatrix is presumed to have been of sound mind informs the jury as to a rule of law that is none of its concern. As stated above it was erroneous, perhaps not harmful. On this theory we can condone the giving of a similar instruction in *Rush* v. *Megee* (1871), 36 Ind. 69, 79. But we cannot agree that it would have been error to refuse the instruction as was held in *Blough* v. *Parry* (1895), 144

Ind. 463, 478, 40 N. E. 70, 75, 43 N. E. 560, and in this respect that case is disapproved.

We think it is apparent from the whole of the first sentence ,of this instruction that the trial court was not treating the so-called presumption as one of law but as one of fact. Such a presumption, says Dean Wigmore, does not exist. We quoted him in *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1940), 216 Ind. 545, 549, 24 N. E. (2d) 284, 285, and stated the conclusion (p. 551) that "neither courts nor juries have any right to presume any fact in issue which they are called upon to determine. The ultimate facts may, of course, be established by direct or circumstantial evidence, as well as by such inferences as may be legitimately drawn therefrom."

So, in the case at bar, the jury was required to determine the issue of soundness of mind from the conflicting evidence on that question. The presumption of sanity was not evidence any more than was the admission to probate in *Kilgore* v. *Gannon, supra,* wherein this court said (p. 689) :

"The instruction under consideration is erroneous in that it permitted the jury to consider as evidence of testator's soundness of mind, the fact that his will had been admitted to probate, upon which the presumption arises that testator was at the time a person of sound mind, and of disposing memory, and duly and properly executed his will. With evidence pro and con on the subject of sanity of testator, the probate of the will is not evidence and is not even a proper basis from which the jury had a right to draw an inference that the testator was of sound mind when he executed the will in question."

In the case at bar the jury was told, not only that the presumption of sanity was a proper basis from

which it had a right to draw the inference of ■ the ultimate fact being tried, but that such presumption was in the category of evidence in that it had weight which must be overcome by a "preponderance" (greater weight) "of all the evidence." In this respect the instruction was not only erroneous but harmful. The error was not cured nor rendered harmless by the fact that the statement was coupled with a proper instruction on the burden of proof or that there were other correct instructions on that subject. *Pence v. Myers, supra.*

Appellees rely upon a *dictum* in *Steinkuehler v. Wempner* (1907), 169 Ind. 154, 161, 81 N. E. 482, 485, reading: "This presumption does not shift the burden of proof, but is to be given due weight in determining the preponderance of evidence." The case was correctly decided; the *dictum* is disapproved.

There is nothing in the case of *Herbert v. Berrier* (1881), 81 Ind. 1, which conflicts with our views, except a quotation from a New Jersey case which may have been proper in connection with the context. No instruction was there involved.

From the briefs it appears that this instruction is approved in an Indiana text book and has been given in many cases. This may excuse but does not obviate the error.

The principles controlling our decision have been applied by this court in other than will cases. See *City of Indianapolis v. Keeley* (1906), 167 Ind. 516, 79 N. E. 499; *Minardo v. State* (1933), 204 Ind. 422, 427, 183 N. E. 548, 550; *Baltimore & Ohio R. Co. v. Reyher, Admx., supra.*

We need not discuss other alleged errors which will no doubt be avoided in another trial.

The judgment is reversed, with instructions to sustain appellants' motion for a new trial.

NOTE.—Reported in 36 N. E. (2d) 784.