SMITH v. FEERER

[No. 17,537. Filed January 31, 1947. Rehearing Denied March 31, 1947.]

James P. Gleason, of Michigan City, Robert H. Moore, of Gary, and Floyd O. Jellison, of South Bend, for appellant.

Walter C. Williams, of Michigan City, and Louis C. Chapleau, of South Bend, for appellee.

ROYSE, J.—Appellant brought this action for damages against appellee. She alleged malpractice of appellee in treating her right arm.

The acts of negligence charged in the complaint may be summarized as follows: (a) Appellee found only one break in the arm; that the upper arm was fractured near the elbow socket and in the small bone of the wrist; the knuckles were twisted out of shape; that appellee failed to discover and treat these fractures, etc. (b) He failed to properly set the arm and to get proper apposition of the bones. (c) He failed to straighten out the bones of the knuckle and wrist and place them in proper shape. (d) He placed the arm in a plaster of paris cast and left it there for five weeks; that said break should have been placed in an aluminum cast. (e) He failed to X-ray the arm after setting it to see if the bones were in proper position. (f) He failed to diagnose a dislocation to the bones of her shoulder.

(g) He failed and neglected to have an X-ray of the right shoulder. (h) He failed to treat her for a dislocation of the bones of said shoulder.

In the trial court, at the conclusion of appellant's evidence appellee's motion for a directed verdict in his favor was sustained. Pursuant to the court's instruction the jury returned a verdict for appellee. Judgment that appellant take nothing and that appellee recover his costs.

This appeal questions the action of the trial court in directing a verdict for appellee, and overruling her motion to amend her complaint by interlineation.

In passing on the questions here presented, all facts and reasonable inferences therefrom must be considered as true against appellee. *Hummel* v. *New York Central R. Co.* (1946), ante, p. 22, 66 N. E. (2d) 901.

In actions of this nature it is incumbent on the appellant to establish by the evidence that appellee was unskillful or negligent, and that his want of skill or care caused injury to her. If either element is lacking in her proof, she has presented no case for the consideration of the jury. *Ewing* v. *Goode* (1897), 78 F. 442; *McCoy* v. *Buck* (1927), 87 Ind. App. 433, 157 N. E. 456. In 41 Am. Jur. 244, § 131, it is stated: "Where there is an alleged injury which may have been due to one of several causes, any one of which may have been the sole proximate cause, it must be shown that as between the several causes it was the physician's negligence that caused the injury."

With the foregoing rules in mind, we have carefully examined the evidence in this case. In our opinion, there was some evidence which would tend to show appellee did not use the skill and care ordinarily used by physicians and surgeons in

the community. However, there was no evidence to the effect that his failure to use such skill and care was the proximate cause of the injuries complained of by appellant. This also applies to the other acts of negligence which appellant sought to have inserted in her complaint by amendment.

Therefore, the judgment of the Superior Court No. 2 of St. Joseph County is affirmed.

NOTE.—Reported in 70 N. E. (2d) 770.