WORSTER *v.* CAYLOR ET AL.

[No. 29,015. Filed February 10, 1953.]

*C. W. H. Bangs,* of Huntington, for appellant.

*Phil M. McNagny, J. A. Bruggeman, Barrett, Barrett & McNagny* all of Fort Wayne, for appellee.

*Albert Stump,* of Indianapolis, *Amicus Curiae.*

GILKISON, J.—Appellant brought this action to collect damages from appellees for alleged malpractice in the performance of a surgical operation to correct an incisional hernia, in which, it is alleged, the surgeon negligently cut a small aperture in an intestine of appellant, from which he suffered permanent injuries.

At the conclusion of appellant's evidence appellees moved for a peremptory verdict in their favor. The

motion was sustained, the peremptory instruction was given and the verdict was so returned, and a final judgment was rendered in favor of defendants.

A motion for new trial for the alleged error of the court in sustaining the motion for a directed verdict for the defendants, and that the verdict is not sustained by sufficient evidence was filed, presented, and overruled by the court. Overruling the motion for new trial is the error assigned.

To sustain his case appellant called as a witness appellee, Harold D. Caylor, a specialist in general surgery, who testified that on April 21, 1946, he operated on appellant for removal of stones in the common bile duct and gall bladder. In doing this he was required to make an incision through the skin, fascia, and peritoneum. The closure was very difficult, being accomplished by many short stitches and ties. On July 5 following, the surgeon noticed a bulge in the wound and later advised that it be repaired. On August 15 following, the corrective operation was performed. At that time a hernia had opened in the old wound. In performing this corrective operation a boat shaped incision was made including the scar in the skin of the previous operation. The bowel was not in the place where it should have been. It was in an unusual, out of the ordinary position and was involved in a fibrous mass of scar tissue. He dissected down through the frozen congealed mass into which the skin, fascia, peritoneum, and bowel were all grown. The bowel was involved in the scar tissue outside and above the peritoneum, and was not visible. In the operation the bowel was accidentally perforated by the surgeon's knife to the extent of one-fourth to one-half of an inch. This was immediately sewed up in the usual manner, and the operation proceeded. The evidence disclosed that the operating surgeon was very

cautious, that the intestine or bowel was concealed by the fibrous scar, that the operator was dissecting in this scar, above the peritoneum when he unintentionally perforated the intestine. A few days after this operation a fecal fistula developed in the operation wound.

While the operation was in progress, appellant was wholly under the influence of an anesthetic administered by defendants. There is no question as to the injury he received nor as to the resulting pain and suffering, and the damage sustained.

The only question presented is as to whether or not there is some evidence or proper inference to be drawn from the evidence, to sustain the negligence charged in the complaint.

There is no question that the burden of proving that the defendants or one of them were or was guilty of the negligence charged, rests upon the plaintiff. 70 C. J. S. *Physicians and Surgeons* Sec. 62 (b) p. 993. *Smith* v. *Feerer* (1947), 117 Ind. App. 304, 306, 70 N. E. 2d 770. *McCoy* v. *Buck* (1927), 87 Ind. App. 433, 436, 157 N. E. 456, 160 N. E. 46 *Ewing* v. *Goode,* C. C. (1897), 78 F. 442, 443.

A peremptory instruction may be given when there is an absence of evidence to establish one or more of the elements essential to plaintiff's right to recover. *Purcell* v. *English* (1882), 86 Ind. 34, 35; *Washer* v. *The Allensville, Center Square and Vevay Turnpike Company* (1881), 81 Ind. 78, 86; *Dodge* v. *Gaylord et al.* (1876), 53 Ind. 365, 377; *Wolfe* v. *The Evansville and Terre Haute Railroad Company* (1894), 136 Ind. 383, 36 N. E. 213; *Day* v. *Cleveland, Columbus, Cincinnati and St. Louis Railway Co.* (1894), 137 Ind. 206, 210, 36 N. E. 854; *Cunningham, Admr.* v. *New York Cent. R. Co.* (1943), 114 Ind. App. 90, 101, 48 N. E. 2d 176.

The evidence in the case was all produced by appellant, and it is undisputed.

When one goes to a surgeon for an operation he submits himself wholly to the surgeon's professional skill and care. It then becomes the duty of the surgeon in performing the operation to exercise skill and care commensurate with the hazards and perils that reasonably may be anticipated. *Chicago, etc., R. Co.* v. *Dinius* (1908), 170 Ind. 222, 231, 84 N. E. 9. Should the surgeon negligently fail to exercise such skill and care and as aproximate result of such negligence the patient is injured he may have recourse in a civil action for damage.

It frequently has been held by our courts that in the absence of a special contract to the contrary a physician or surgeon is not an insurer, and does not bind himself to make a correct diagnosis and effect a cure, or to respond in damages. *Edwards* v. *Uland* (1923), 193 Ind. 376, 381, 140 N. E. 546; *Longfellow* v. *Vernon* (1914), 57 Ind. App. 611, 621, 105 N. E. 178, *supra; Adolay* v. *Miller* (1916), 60 Ind. App. 656, 659, 111 N. E. 313; *McCoy* v. *Buck* (1927), 87 Ind. App. 433, 435, 157 N. E. 456, 160 N. E. 46, *supra.*

In the absence of a special contract, the physician or surgeon who assumes to treat and care for a patient impliedly contracts that he has the reasonable and ordinary qualifications of his profession and that he will exercise reasonable skill, diligence and care in treating the patient. He is held to the exercise of this degree of skill and care in all subsequent treatments, unless or until he is excused from further service by the patient, or upon proper notice he refuses to treat the patient further.

The degree of skill and care required of the physician or surgeon who is employed because he is a specialist, is that degree of skill and knowledge ■ which is ordinarily possessed by physicians and surgeons who devote special attention to the ailment, its diagnosis and treatment, agreeable with the state of scientific knowledge at the time of the operation or treatment, in similar localities generally. *Gramm* v. *Boener* (1877), 56 Ind. 497, 501; *Adolay* v. *Miller* (1916), 60 Ind. App. 656, 660, 111 N. E. 313; *Baker* v. *Hancock* (1902), 29 Ind. App. 456, 460 and cases cited, 63 N. E. 323, 64 N. E. 38.

Because the defendant, Harold D. Caylor, was and is a properly accredited physician and surgeon specializing in general surgery, and the tort complained ■ of arose solely from his professional exercise of that art, proof of the negligence charged, of necessity, must come from accredited physicians and surgeons. *Robinson* v. *Ferguson* (1939), 107 Ind. App. 107, 113, 22 N. E. (2d) 901. *Adkins* v. *Ropp* (1938), 105 Ind. App. 331, 335, 14 N. E. (2d) 727; *McCoy* v. *Buck* (1928), 87 Ind. App. 433, 437, 157 N. E. 456, 160 N. E. 46, *supra; Welch* v. *Page* (1926), 85 Ind. App. 301, 309, 154 N. E. 24; *Longfellow* v. *Vernon* (1914), 57 Ind. App. 611, 629, 105 N. E. 178, *supra; Isenhour* v. *State* (1901), 157 Ind. 517, 528, 62 N. E. 40; *Edwards* v. *Uland* (1923), 193 Ind. 376, 381, 140 N. E. 546, *supra.*

To further sustain his complaint, appellant offered the evidence of Dr. Anson Hurley, a physician and surgeon, who operated on appellant for the fecal fistula about December 18, 1947. Among other things, he said that in performing operations for the correction of incisional hernias he, too, had accidentally cut or nicked a small bowel of a patient. This witness did not state

an opinion or leave an inference from any fact stated that the injury complained of by appellant resulted from any negligent act or omission of the appellees, or any one of them.

There is no evidence nor proper inference in the record of any negligent act or omission by appellees or either of them that was the proximate cause of appellant's injury. However, appellant contends that having proved that appellee, Harold D. Caylor, while performing the operation to correct the incisional hernia, accidentally cut appellant's bowel, as before noted, and that thereafter the fecal fistula and resulting injuries developed, presents a situation where the doctrine *res ipsa loquitur* applies, thus making a *prima facie* case of negligence for appellant. That for this reason it was error to sustain appellee's motion for a peremptory verdict. If the doctrine of *res ipsa loquitur* applies in this situation appellant's position is correct and the judgment should be reversed. If the doctrine does not apply the judgment should be affirmed.

We do not think the doctrine or presumption *res ipsa loquitur* applies to the situation before us for two reasons: First, appellee was not an insurer, and therefore the burden was upon appellant to establish by competent evidence that appellees or one of them were or was negligent in the performance of the operation for incisional hernia or in its after treatment, which negligence was the proximate cause for the existence of the fecal fistula. There is no such evidence and no evidence from which such an inference logically follows in the record. The evidence in the record compels the contrary inferences and conclusion. In such situations the doctrine or presumption *res ipsa loquitur* does not apply. *Robinson* v. *Ferguson* (1939), 107 Ind. App. 107, 112 et seq. and cases cited, *supra;*

*McCoy* v. *Buck* (1927), 87 Ind. App. 433, 435, 437, *supra; Sweeney* v. *Erving* (1913), 228 U. S. 233, 238, 57 L. Ed. 815, 818.

Second. Much has been written by the courts and text writers on the subject of *res ipsa loquitur.* We think an apt explanation of the doctrine has been given as follows:

> " 'Where the circumstances of the occurrence that has caused the injury are of a character to give ground for a reasonable inference that if due care had been employed by the party charged with care in the premises, the thing that happened amiss would not have happened' negligence may fairly be inferred *in the absence of any explanation.*" (Our emphasis.) 38 Am. Jur. *Negligence* §295 p. 989, 991. *Sweeney* v. *Erving* (1913), 228 U. S. 233, 238, 57 L. Ed. 815, 818.

It will be noted that the doctrine *res ipsa loquitur* does not prevail where the party against whom it might apply accepts the duty of going on with the proof and details the entire transaction. In such a situation the presumption, inference or doctrine ceases to exist and all questions concerning the injury must be determined from the evidence unaided by the inference or doctrine of *res ipsa loquitur.*[1] *Kilgore* v. *Gannon* (1916), 185

---

[1] This rule is of ancient origin in Indiana. See: *Bates* v. *Pricket* (1854), 5 Ind. 22. *Adams, Assignee* v. *Slate et al.* (1882), 87 Ind. 573, 575. *The Cleveland, Columbus, Cincinnati and Indianapolis R. R. Co.* v. *Newell* (1885), 104 Ind. 265, 273. *The Louisville, New Albany & Chicago Ry. Co.* v. *Thompson, Admr.* (1886), 107 Ind. 442, 446. *Cleveland, etc. R. Co.* v. *Wise* (1917), 186 Ind. 316, 319. This rule is equally true concerning presumptions, inferences and doctrines in criminal cases. See: *Welty* v. *State* (1914), 180 Ind. 411, 422, 100 N. E. 73. In that case after an exhaustive treatise our court said: "Our conclusion is, that whether it be a presumption of malice, or of innocence, it is an administrative assumption of a prima facie character, and that each yields before evidence showing the facts,

Ind. 682, 683 et seq., 114 N. E. 446 and authorities there cited; *Kaiser* v. *Happel* (1941), 219 Ind. 28, 31, 36 N. E. 2d 784; *Baltimore and Ohio R. Co.* v. *Reyher, Admx.* (1939), 216 Ind. 545, 549, 24 N. E. 2d 284; *Kickels* v. *Fein* (1937), 104 Ind. App. 606, 616, 10 N. E. 2d 297; *Lincoln et al.* v. *French* (1882), 105 U. S. 614, 617, 26 L. Ed. 1189, 1190.

In the latter case the Supreme Court of the United States, speaking by Mr. Justice Field on page 617 of 105 U. S., on page 1190 of 26 L. Ed., said:

> "Presumptions are indulged to supply the place of facts; they are never allowed against ascertained and established facts. When these appear, presumptions disappear."

Since the operating surgeon who alone is charged with the negligence which is alleged to have caused appellant's injury, responded to appellant's call as a witness for him in the trial of the case and fully detailed, without apparent reservations, all the facts in the matter of the operation for the incisional hernia, including the accidental perforation of the bowel, and the development of the fistula and the treatment given, any presumption or inference of *res ipsa loquitur* disappeared from the case.

When the motion for a directed verdict was made it became the duty of the trial judge to determine whether there was some evidence to support appellant's charge of negligence. The trial judge determined that there was no such evidence and sustained the motion. In this action we find no error.

The judgment of the trial court is therefore affirmed.

NOTE.—Reported in 110 N. E. 2d 337.

---

and that the burden of proof is not shifted in such cases." p. 427. See also, *Boyd* v. *State* (1924), 195 Ind. 213, 215. *Minardo* v. *State* (1932), 204 Ind. 422, 427.