**Jeanette ALBIN, a minor, by Ethel V. Pierce, her guardian and next friend, Plaintiff-Appellee,**

v.

**T. F. BARRETT CONSTRUCTION COMPANY, a corporation, Defendant-Appellant.**

**No. 11536.**

United States Court of Appeals Seventh Circuit.

May 2, 1956.

Edmond J. Leeney, Hammond, Ind., James P. Gleason, Michigan City, Ind., Galvin, Galvin & Leeney, Hammond, Ind., of counsel, for appellant.

Oscar C. Strom, Gary, Ind., Charles K. Whitted, Gary, Ind., Strom & Whitted, Gary, Ind., of counsel, for appellee.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Plaintiff brought an action to recover damages occasioned by the alleged negligence of defendant in constructing and maintaining a temporary store front or barricade, which, on February 28, 1951, fell upon and injured plaintiff, a pedestrian on a street sidewalk. The jury rendered a verdict for plaintiff, upon which the court entered the judgment from which this appeal is taken. At the close of plaintiff's evidence and again at the close of all the evidence, defendant filed a motion for a directed verdict on the ground that the evidence was insufficient to establish negligence on the part of defendant. After verdict was returned for plaintiff, defendant filed a motion for judgment notwithstanding the verdict, reasserting the same ground. The motions were overruled.

Both parties agree that the doctrine of *res ipsa loquitur* applies to this case. However, a man who supervised the construction for the defendant testified as a witness for plaintiff, and later as defendant's witness, and explained the construction of the barricade. Defendant contends that "since a full explanation was made by the defendant regarding the construction of the barricade, then the plaintiff lost the benefit of the doctrine of *res ipsa loquitur,* and it was incumbent on her to prove some act of negligence". Defendant further contends that, "since no act of negligence was proved by plaintiff", the evidence was not sufficient to sustain the verdict, and it was error to overrule defendant's motion for judgment notwithstanding the verdict.

Defendant was doing some construction work at the front of a building occupied by a drugstore. In this connection defendant had constructed and was maintaining a barricade parallel to and along a public sidewalk in Gary, Indiana.

Eugene A. Barrett testified as a witness for plaintiff and later as a witness for defendant.

Relevant facts to which he testified are: The barricade was 10 to 12 feet high and 16 feet long. It weighed 500 pounds. There was a 2 x 4 inch plate bolted to the sidewalk and on top of that were 2 x 4 inch studdings on 24 inch centers, on the outside of which was fastened 1/4 inch plywood. There was a top plate thereon, which was anchored to the building by five No. 6 wires at 4 feet intervals, fastened to the brickwork with expansion shields with 3/4 inch bolts. The wires were to hold the barricade *in.* There were 2 x 4s that went from the barricade to the wall. There were no

nails in the 2 x 4s to keep the barricade from falling *out*. There was no bracing or shoring to hold it. The fastening of the plate into the sidewalk did not keep it from falling; that just kept the bottom plate from sliding around. The studdings were toe-nailed into this plate and the toe-nailed joint pulled out. This is a typical construction, recommended for wood barricades. Barrett supervised its construction. The night of the accident, when the men left at 4:30 p. m., there was sleet, rain and wind. It was such weather as might be expected during January and February. On the day of the accident, one employee of defendant had been working on a ladder between the barricade and the front of the store, in a space 4 feet wide. He was carrying ceramic facing pieces, 30 x 30 inches in size, which he installed on the face of the wall of the store. The failure came with the expansion bolt pulling out of the brickwork of the building. That was the first time it ever happened.

The evidence offered by plaintiff as to the happening of the accident and the accompanying circumstances made the doctrine of *res ipsa loquitur* applicable. Thereby the presumption of negligence on the part of defendant arose. The evidence of Barrett did not have the effect, as a matter of law, of overcoming this presumption in favor of plaintiff. Hence, it was not error for the trial court to overrule defendant's motions. Defendant cannot successfully contend that the district court erred in submitting to the jury the question as to defendant's alleged negligence as it arose upon the whole record.

Defendant relies strongly upon Worster v. Caylor, 231 Ind. 625, 110 N.E.2d 337, which was a malpractice suit brought against a surgeon. Plaintiff there sued for alleged malpractice in the performance of a surgical operation to correct an incisional hernia, in which, it was alleged, the surgeon negligently cut a small aperture in an intestine of plaintiff, from which he suffered permanent injuries. Caylor, called as plaintiff's witness, testified that, having operated upon Worster on April 21, 1946 for removal of stones in the common bile duct and gall bladder, he, on August 15 following, performed a corrective operation. In so doing, he dissected through a congealed mass into which the skin, fascia, peritoneum, and bowel were all grown, the latter being involved in the scar tissue and not visible. In the operation the bowel was accidentally perforated by the surgeon's knife to the extent of one fourth to one half of an inch. This was immediately sewed up in the usual manner, and the operation proceeded. The evidence disclosed that the operating surgeon was very cautious, that the intestine or bowel was concealed by the fibrous scar, that the operator was dissecting in this scar, above the peritoneum, when he unintentionally perforated the intestine. A few days after this operation a fecal fistula developed in the operation wound.

The court pointed out that it is the duty of a surgeon to exercise skill and care commensurate with the hazards and perils that reasonably may be anticipated, and that should he negligently fail to exercise such skill and care and as a proximate result of such negligence the patient is injured, he may have recourse in an action for damages. However, it was held that the surgeon's evidence explained how the bowel was cut and that its cutting was accidental and not due to negligence of the surgeon, who was then exercising that degree of skill and knowledge ordinarily possessed by surgeons devoting special attention to the ailment, its diagnosis and treatment, agreeable with the state of scientific knowledge then existing in similar localities. There was no evidence to the contrary. Against this evidence the doctrine of *res ipsa loquitur* cannot prevail.

On the other hand, in the case at bar, Barrett's testimony gives no explanation of what caused the accident to occur. His testimony leaves uncontradicted and unexplained the undisputed fact that an instrumentality built and maintained by defendant, under normal winter weather conditions, fell outward upon a public

sidewalk. It was not built for the purpose of thus falling. It follows that there was some defect in its construction or use by defendant. Here was a situation for a typical application of the doctrine of *res ipsa loquitur*. The presumption arising from that doctrine was not, as a matter of law, overcome by Barrett's testimony. Instead, the presumption and his testimony, together with the other evidence, furnished a factual basis from which the jury could properly find that the defendant was negligent. Actually Barrett's testimony tended to support the presumption, because it is a recital of circumstances affirmatively indicating that the barricade was negligently constructed.

We hold that it would have been error for the district court to have directed a verdict in favor of defendant or to have entered a judgment in its favor notwithstanding the verdict. The submission of the case to the jury was a course of action as favorable to defendant as the district court could have taken. Its judgment is

Affirmed.